## Winsley Nomination Petition

*Edward J. Zetusky, Jr.*, for petitioner.
*Jack Brian*, for respondent.

BLOOM, *J.*, September 13, 1979—On May 30, 1979, Wilbert E. Winsley (hereafter Winsley) filed a nomination petition, seeking to place his name on the ballot for the municipal general election for the year 1979 for the office of district justice in an electoral district composed of the second, third, fourth and fifth wards of the City of Chester. His nomination petition contained the signatures of 44 persons of this electoral district.

Objections to this nomination petition were filed by the Chester City Republican Executive Committee (hereafter objector), challenging 14 of the signatures. The parties agree that 12 of the signatures must be struck; 10 being signatures of persons not registered to vote and 2 being electors who previously signed the nomination petition of another candidate.

The objector also challenges 2 additional signatures and asks the court to hold them invalid.

Objector contends that Winsley needs a minimum of 33 signatures while Winsley contends that he needs only 29 signatures. Both agree that Winsley has at least 29 but not more than 32. The issue then is: whether the minimum number of signatures necessary to validate Winsley's nomination petition is 29 or 33.

The applicable statutory provisions are set forth in subsections (a) and (b) of section 951 of the Pennsylvania Election Code of June 3, 1957, P.L. 1333, as amended, 25 P.S. §2911(a),(b), which provides as follows:

"(a) In addition to the party nominations made at primaries, nomination of candidates for any public office may also be made by nomination papers signed by qualified electors of the State, or of the electoral district for which the nomination is made, and filed in the manner herein provided. . . .

"(b) . . . In the case of all other nominations, the number of qualified electors of the electoral district signing such nomination papers shall be at least equal to two per centum *of the largest entire vote cast for any officer, . . . , elected at the last preceding election in said electoral district* for which said nomination papers are to be filed, and shall be not less than the number of signers required for nomination petitions for party candidates for the same office. . . ." (Emphasis supplied.)

Assuming, without deciding, that Winsley's nominating petition contains 32 valid signatures, he argues that this is sufficient to place his name on the ballot. In support of his position he argues that in the last municipal general election the candidate compiling the most votes in that electoral district was Michael McNeilly, candidate for city council. This election took place in 1977 with McNeilly receiving 1,461 votes. Two percent of that vote would require 29 valid signatures on Winsley's nomination petition.

Objector maintains that the base to be used for calculating the number of necessary signatures is the municipal general election of 1975 in which Gerald Cox, a candidate *in the same electoral district* in which Winsley seeks to run, received 1,654 votes. Two percent of that total would require 33 valid signatures. Thus, objector argues that the court must look to the last municipal election at which the voters *of said electoral district* could elect a candidate to public office and that would be the 1975 election in which, coincidentally, the same district justice seat was contested.

Winsley argues that the court must look to the vote amassed in the electoral district by any officer in the last city-wide election, i.e., the 1977 city council race.

Thus, the issue is whether the court should focus on the votes collected by the last office holder elected by the electoral district (objector's position), or, whether it should focus on the electoral district's voting performance in the last election even though such office holder was elected by a larger electoral district (city-wide) of which the electoral district in question was only a part. Each side relies upon Moore v. Osser, 427 Pa. 238, 233 A. 2d 579 (1967). In Moore the Supreme Court had to decide which of two elections should be used where the electoral district was the same in both elections. Here, however, the two elections are from different electoral districts. In construing section 951(b) of the Election Code the court in Moore held that the statute employs as a base the most recent election, regardless of the office involved, in the particular electoral district in question.

To clarify the statute, the court employed the following example:

"It is clear, however, that this phrase was necessary to particularize which electoral district was referred to by the words 'last preceding election.' Within this Commonwealth there is a multiplicity of overlapping electoral districts. Assume, for example, that in Philadelphia a councilmanic district is composed of wards #1 and #2, although a magistrate is elected solely by ward #1; that in 1963 ward #1 elected a magistrate as well as a councilman in conjunction with ward #2; and that there were no other elections during the period of 1963-67. The phrase in dispute makes it clear that, when magistrates are to be again elected in 1967, the proper total vote to use as a base would be that

cast for magistrate even though the total vote cast by the voters in ward #1 for councilman might be greater, for only as to the magisterial election did the ward #1 voters elect a candidate for 'said electoral district for which said nomination papers are to be filed.'"

The only office elected solely by the voters of the electoral district comprised of the second, third, fourth and fifth wards of the City of Chester is that of district justice. All other elected officers of the City of Chester are elected city-wide.

Thus, the last municipal election at which the voters of the electoral district in question could elect an officer was the election of 1975. In that election, Gerald Cox received the highest number of votes, to wit, 1,654. Therefore, two percent of that vote total, or 33 signatures, is the minimum number required by Winsley for a valid nominating petition. The court finds it unnecessary to determine the validity of the two disputed signatures since, in any event, Winsley does not have the 33 signatures required by the Election Code.

Therefore, we enter the following

## ORDER

And now, September 13, 1979, after hearing in open court and consideration of respective briefs, it is hereby ordered and decreed that:

1. The nominating petition of Wilbert E. Winsley is hereby set aside; and

2. The name of Wilbert E. Winsley is not to appear on the ballot as an independent candidate for the office of district justice for the municipal general election for the year 1979.